UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MORGAN NEILIO, et al.,** | Civil Action No. 23-2702 (KMW) (SAK) |
| **Plaintiffs,** | |
| v. | ORDER |
| **CAMDEN COUNTY, et al.,** | |
| **Defendants.** | |

This matter comes before the Court on Defendant Kuhn's motion to dismiss Plaintiffs' claims against her in their current complaint. (ECF No. 51.) Plaintiffs filed opposition to the motion. (ECF No. 55.) For the following reasons, Defendant Kuhn's motion is granted, and Plaintiffs' claims against her shall be dismissed without prejudice.

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting

1

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In their complaint, Plaintiffs seek to hold Defendant Kuhn, Commissioner of the New Jersey Department of Corrections, responsible for their numerous claims regarding the conditions they faced in the Camden County Correctional Facility. Plaintiffs provide few details directly connecting Kuhn to their various claims, and instead connect her to their claims as she is "legally responsible for the overall operations of jail institutions in New Jersey" and because Kuhn is the final authority for detention institutions in New Jersey and can provide funds to jails to help remediate issues in their facilities. (*See, e.g.*, ECF No. 1 at 6; ECF No. 1-18 at 32-36.) Plaintiffs thus seek to hold Kuhn responsible for their claims, which appear to arise under 42 U.S.C. § 1983 and its state counterpart, the NJCRA,[1] based on her supervisory and final authority roles in the state's pretrial detention system.

Defendant Kuhn chiefly contends that Plaintiffs' claims against her must be dismissed at this time as Plaintiffs seek to hold her responsible based on her supervisory capacity. A defendant

---

[1] The New Jersey Civil Rights Act is New Jersey's analogue to a federal civil rights claim under § 1983 and, with rare exceptions not applicable here, claims under the NJCRA are construed identically to an equivalent federal claim and are subject to the same defenses. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011).

in a civil rights action must have personal involvement in the alleged wrongs in order to be held liable, he cannot be held liable solely on a *respondeat superior* basis. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Personal involvement requires allegations of a defendant's specific involvement in the incidents alleged, or allegations which would show that the events could be imputed to the defendant based on his directing others to perform the deeds in question, his actual knowledge and acquiescence in the alleged wrong, or facts indicating that the defendant created a policy or practice which was the moving force behind the violation. *Chavarriaga*, 806 F.3d at 222. As Plaintiffs claims do not directly allege any direct involvement in the alleged wrongs by Defendant Kuhn, and instead rely entirely on her supervisory status over New Jersey's correctional facilities, they rely on an improper *respondeat superior* theory of liability. Plaintiffs' claims against Kuhn thus fail to state a valid basis for relief under § 1983 or the NJCRA, and must be dismissed without prejudice at this time as such. Defendant Kuhn's motion to dismiss is therefore granted.[2]

**IT IS THEREFORE** on this 25th day of March, 2024,

**ORDERED** that Defendant Kuhn's motion to dismiss (ECF No. 51) is GRANTED; and it is further

---

[2] Defendant Kuhn also argues that the claims against her fail to state a claim for relief as they are conclusory in nature. That argument is essentially another way of framing her improper *respondeat superior* argument – the claims are conclusory *because* the only perceivable claims against Kuhn are supervisory in nature. Finally, Defendant Kuhn argues that any official capacity claims against her should be dismissed with prejudice as she is not a person in her official capacity. *See, e.g., Will v. Michigan Dep't of State Pol.*, 491 U.S. 58 (1989). While a state official is not subject to a civil rights suit for damages or other retroactive forms of relief, official capacity claims *can* be raised against state officials to the extent they seek *prospective injunctive relief,* which is something it appears Plaintiffs wish to pursue here. *See Iles v. De Jongh*, 638 F.3d 169, (3d Cir. 2011). As it is unclear that Plaintiffs are seeking money damages from Defendant Kuhn, and instead may be seeking only prospective injunctive relief in the form of orders requiring her to address jail conditions against her in her official capacity, a dismissal of Plaintiffs official capacity claims with prejudice would be premature at this time.

**ORDERED** that Plaintiffs' claims against Defendant Kuhn are **DISMISSED WITHOUT PREJUDICE**; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Defendants electronically and upon Plaintiffs by regular mail.

                                                */s/ Karen M. Williams*
                                                Hon. Karen M. Williams,
                                                United States District Judge